UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MRABIH RABOU OUMAR,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:25-cv-1744

Honorable Paul L. Maloney

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### Discussion

**I.**    **Procedural History**

Petitioner initiated this action in the United States District Court for the Eastern District of Michigan on December 5, 2025. (Pet., ECF No. 1.) In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing. (*Id.*, Page 22–24.) On December 9, 2025, the Eastern District of Michigan transferred the action to this Court. (Transfer Order, ECF No. 2.)

In an order entered on December 12, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on December 17, 2025, (ECF No. 6), and Petitioner filed his corrected reply on December 23, 2025, (ECF No. 9).

**II.     Factual Background**

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, Page 6; Notice to Appear (NTA), ECF No. 6-1, Page 2.) Petitioner entered the United States in 2019 "on a B1/B2 visitor's visa." (Pet., ECF No. 1, Page 1.) "While his visa was still active," Petitioner "applied for [a]sylum." (*Id.*, Page 2.) On January 29, 2020, the Department of Homeland Security issued Petitioner a Form I-862, NTA, charging Petitioner with removability under Immigration and Nationality Act (INA) "[s]ection 237(a)(1)(B) . . . [because he] ha[d] remained in the United States for a time longer than permitted." (NTA, ECF No. 6-1, Page 2.)

"On or about March 5, 2025, Petitioner's Applications for Asylum and Withholding of Removal and under Convention Against Torture were denied by [a] New York Immigration Judge." (Pet., ECF No. 1, Page 2) At that time, the Immigration Judge "found Petitioner removable under § 237(a)(1)(B) and ordered him removed to Mauritania." (Resp., ECF No. 6, Page 2 (citing Removal Order, ECF No. 6-3).) Petitioner appealed the removal order, and his appeal remains pending. (Pet., ECF No. 1, Page 2; Resp., ECF No. 6, Page 2.) Because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA.[1] *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i), 1231(a)(2)(A). ICE took Petitioner into custody on November 18, 2025. (Pet., ECF No. 1, Page 8–9.)

---

[1] Section 1231 of Title 8, titled "Detention and removal of aliens ordered removed," provides in relevant part that, "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). However, as relevant to this case, the removal period does not begin to run until "[t]he date the order of removal becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

2

### III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV. Exhaustion

Respondents argue that the Court should deny Petitioner's request for habeas corpus relief because Petitioner has not exhausted his administrative remedies. Specifically, Respondents argue that Petitioner should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals (BIA).

The Court declines to enforce the doctrine of prudential exhaustion against Petitioner, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the

---

For the purposes of § 1231(a)(1)(B)(i), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." *Id.* § 1101(a)(47)(B); *see Jusufi v. Chertoff*, No. 07-15450, 2007 WL 4591760, at *4 (E.D. Mich. Dec. 28, 2007) (finding that a final removal order becomes administratively final when the BIA denies an appeal of it (citing 8 U.S.C. § 1231(a)(1)(B)(i))); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021) ("[O]nce the BIA has reviewed [and affirmed] the [removal] order (or the time for seeking the BIA's review has expired), DHS is free to remove the alien *unless* a court issues a stay. That reinforces why Congress included 'administratively' before the word 'final' in the first provision."). Here, Petitioner appealed the removal order to the Board of Immigration Appeals (BIA), and that appeal remains pending. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter "213428619" for the A-Number, select "Mauritania" for the Nationality, and select "Submit") (last visited Jan. 21, 2025). Therefore, § 1231 does not apply, and § 1226(a) governs Petitioner's detention. Respondents acknowledge that § 1226 governs Petitioner's present detention. (Resp., ECF No. 6, Page 10–11.)

3

alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis the following cases: *cf. Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

**V.     Merits Discussion**

Respondents acknowledge that § 1226 governs Petitioner's present detention. (Resp., ECF No. 6, Page 10–11.) However, Petitioner argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Petitioner's arguments by stating that Petitioner is not entitled to any further process because he has received notice of the charges against him, has access to counsel, has attended hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a short period time. (*Id.*, Page 12.) Respondents then cite *Zadvydas v. Davis*, 533 U.S. 678 (2001), for the proposition that "after a noncitizen is ordered removed, detention for up to six months is presumptively valid under the [D]ue [P]rocess [C]lause." (*Id.* (citing *Zadvydas*, 533 U.S. at 701).)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). In *Zadvydas v. Davis*, the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in

4

the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

In this case, as noted above, because Petitioner's appeal to the BIA remains pending, Petitioner's order of removal is not "administratively final" for purposes of the INA. *See supra* Part II; *see also supra* note 1. Therefore, the six-month "presumptively reasonable period" of detention contemplated by *Zadvydas* does not apply to Petitioner. *See Zadvydas*, 533 U.S. at 688 (recognizing that § 1226 is "applicable to certain detention-related decisions *in [the] period preceding entry* of final removal order" (emphasis in original) (citation omitted)). Thus, the Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a).[2]

## VI. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VII. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of the other named Respondents. The Court concludes that the Detroit ICE Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v.*

---

[2] The Court notes that although Respondents acknowledge that § 1226 governs Petitioner's present detention, Respondents' statements in the due process section of their brief suggest that they believe that Petitioner may be detained for six months without a bond hearing because he has an order of removal. Because Petitioner's order of removal is not "administratively final" for purposes of the INA, the six-month "presumptively reasonable period" of detention contemplated by *Zadvydas* does not apply to Petitioner. Therefore, the Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). The Court will order that the bond hearing be held within ten business days, rather than the Court's standard practice of five business days that the Court applies in cases where Respondents argue that a petitioner is subject to mandatory detention under § 1225(b)(2)(A).

5

*Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the Detroit ICE Field Office Director and the United States Secretary of Homeland Security as Respondents. The Court will dismiss the United States Department of Homeland Security and the United States Attorney General as Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within ten business days of the date of this Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within eleven business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial. Further, the Court will

dismiss the United States Department of Homeland Security and the United States Attorney General as Respondents.


Dated:  January 22, 2026                             /s/ Paul L. Maloney
                                                                Paul L. Maloney
                                                               United States District Judge